**REDACTED PUBLIC VERSION**
**UNREDACTED VERSION PROVISIONALLY FILED UNDER SEAL**

1

**KRONENBERGER BURGOYNE, LLP**

2
Karl S. Kronenberger
*(admitted pro hac vice)*

3
150 Post Street, Suite 520
San Francisco, CA 94108

4
Telephone:  (415) 955-1155
Facsimile:   (415) 955-1158

5
karl@KBInternetLaw.com

6
**GORDON SILVER**

7
Bradley J. Richardson (NV Bar No. 1159)
Joel Z. Schwarz (NV Bar No. 9181)

8
3960 Howard Hughes Pkwy., 9th Floor
Las Vegas, Nevada 89169

9
Telephone: (702) 796-5555
Facsimile: (702) 369-2666

10
brichardson@gordonsilver.com

11
jschwarz@gordonsilver.com

12
Attorneys for Plaintiffs
Doug Ansell & Incorp Services, Inc.

13

14

15
**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

16

17

18
**DOUG ANSELL**, an individual; **INCORP SERVICES, INC.**, a Nevada corporation,

19

20
Plaintiffs,

21
vs.

22
**SARI BROOKS**, an individual,

23
Defendant.

24

25

26

27

28

Case No. 2:09-cv-01232-JCM-LRL

**PLAINTIFFS' OPPOSITION TO BROOKS'S MOTION TO DISMISS**

**FILED UNDER SEAL**

PLAINTIFFS' OPP. TO BROOKS'S
MOTION TO DISMISS

*KRONENBERGER BURGOYNE, LLP*
*150 Post Street, Suite 520*
*San Francisco, CA 94108*
*www.KBInternetLaw.com*

1   Plaintiffs Incorp Services, Inc. and Doug Ansell (collectively, "Plaintiffs"), by and
2   through their counsel of record, hereby oppose Defendant Sari Brooks ("Brooks")'s
3   Motion to Dismiss (hereinafter, "Motion").

### I.   INTRODUCTION

5   Words can hardly describe the cruelty of Brooks's misconduct.  For no apparent
6   reason except outright malice, Brooks unlawfully accessed her former employer, Incorp
7   Services, Inc.'s computer systems, stole the contact information for Incorp's affiliates,
8   and sent the affiliates letters falsely accusing Incorp's President, Doug Ansell, of ████
9   ████████████████████████████.

10   Now, in a second act of malice, Brooks has filed a Motion that—rather than
11   addressing the pleading at issue—accuses Ansell of being a "bad person" and accuses
12   Incorp of vexatiously prosecuting completely unrelated actions.  While high on rhetoric,
13   Brooks's motion is light on substantive argument.  In fact, Brooks's motion fails to present
14   a single cognizable basis for dismissing the complaint.

15   First, Brooks ignores clear Ninth Circuit authority in arguing that Incorp has not
16   stated a claim under the Computer Fraud and Abuse Act (the "CFAA").  The Ninth Circuit
17   has stated that in order to plead a claim under the CFAA a plaintiff need only plead
18   unauthorized access and a loss in excess of $5,000.  Moreover, the Ninth Circuit has
19   defined the term "loss" very broadly.  Incorp has pled that Brooks engaged in precisely
20   this misconduct.

21   Second, Brooks ignores the difference between direct liability and contributory
22   liability in arguing that Incorp does not have standing under 15 U.S.C. §1125(a).  The
23   relevant jurisprudence makes clear that a non-competitor can be contributorily liable
24   under section 1125(a), and that Brooks's letters are commercial advertisements under
25   the statute.

26   Finally, Brooks's argument that her statements about Ansell were substantially
27   true fails on its face.  Brooks's false statement, that Ansell ████████████████████
28   ████████████████████████.

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

CASE NO. 2:09-cv-01232-JCM-LRL

1

**PLAINTIFFS' OPP. TO BROOKS'S
MOTION TO DISMISS**

1  Because Brooks has failed to provide a single cognizable basis for dismissing the

2  complaint, her Motion must be denied.

3  **II.    ARGUMENT**

4  **A.    Standard for motion to dismiss under Rule 12(b)(6).**

5  In reviewing a motion to dismiss, all allegations of material fact are taken as true

6  and construed in the light most favorable to the non-moving party.  *Cousins v. Lockyer*,

7  568 F.3d 1063, 1067 (9th Cir. 2009).   Although conclusory allegations of law and

8  unwarranted inferences are insufficient to avoid dismissal, a complaint need not contain

9  detailed factual allegations; rather, it must plead only enough facts to state a claim that is

10  plausible on its face.  *Id.*  As a result, a powerful presumption exists against motions to

11  dismiss.  *Gilligan v. Jamco Development Corp.*, 108 F.3d 246, 249 (9th Cir. 1997)

12  **B.    Incorp has stated a claim against Brooks under the Computer Fraud and**
    **Abuse Act.**

13  The complaint contains a straightforward description of Brooks's unlawful access

14  of Incorp's computers.  The complaint also pleads that Incorp suffered a loss as a result

15  of Brooks's unlawful access in excess of $5,000.  Thus, Incorp has stated a claim under

16  the CFAA.

17

18  **1.    The complaint alleges that Brooks unlawfully accessed Incorp's**
        **computer systems in violation of the CFAA.**

19  To plead a claim under the CFAA, a plaintiff must allege that the defendant

20  intentionally accessed a protected computer without authorization, and as a result of

21  such conduct, caused a loss of at least $5,000.  *eBay Inc. v. Digital Point Solutions, Inc.*,

22  608 F. Supp. 2d 1156, 1163 (N.D. Cal. 2009); *see Pacific Aerospace & Electronics, Inc.*

23  *v. Taylor*, 295 F. Supp. 2d 1188, 1196 (E.D. Wash. 2003) (finding that plaintiff may sue

24  under CFAA against former employee).  A plaintiff need only allege unauthorized access

25  and loss to plead a violation of the CFAA.  *Ebay*, 608 F. Supp. 2d at 1164.  There is no

26  need to plead the elements of common law fraud to state a claim under the Act.  *Id.*

27  Plaintiffs have alleged that Brooks unlawfully accessed Incorp's computer system.

28  Thus, Plaintiffs have stated a claim under the CFAA.  Specifically, the complaint alleges

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

1    that Brooks engaged in a scheme to send defamatory letters to Incorp's affiliates.

2    Moreover, the complaint alleges that Brooks obtained the contact information for Incorp's

3    affiliates by unlawfully accessing Incorp's computers without authorization.   And the

4    complaint further alleges that Brooks effected this unauthorized access by using a login

5    and password that she had obtained from Incorp while she was employed there.   Thus,

6    the complaint alleges facts that Brooks unlawfully accessed Incorp's computers.

7    Moreover, the complaint explains the motive for Brooks's unauthorized access:  to obtain

8    the contact information for Incorp's affiliates, in order to send false and defamatory

9    letters.

10   Nonetheless, Brooks argues that Incorp "has no facts to support its legal

11   conclusion," apparently because some of Incorp's allegations are made on information

12   and belief.  Brooks's argument fails.  Federal Rule of Civil Procedure 11(b) specifically

13   allows a plaintiff to plead allegations on information and belief.  And even if allegations on

14   information and belief were not permitted, Incorp is prepared to make its allegations on

15   actual knowledge as Incorp possesses admissible evidence of Brooks's unlawful

16   access.[1]

17   Because Incorp has alleged that Brooks unlawfully accessed Incorp's computers,

18   and has provided the actual motive for Brooks's unlawful access, Incorp has stated a

19   claim under the CFAA.

20         **2.     Incorp has pled that Brooks's unlawful access caused a loss in excess of $5,000.**

21

22   In addition to alleging unlawful access, to state a claim under the CFAA, a plaintiff

23   must allege that it suffered a loss in excess of $5,000 as a result of the unlawful access.

24   _____

25   [1] Brooks analogizes this action to *Ashcroft v. Iqbal*, 129 S. St. 1937, *passim* (2009).  The two cases could not be more different.  In *Iqbal*, the Court dismissed claims against the former U.S. Attorney General and the Director of the FBI, finding that allegations that these officials had adopted policies of restrictive conditions of confinement for post-September-11 detainees were too indefinite to state a Constitutional claim.   By comparison, Incorp has alleged that Brooks herself, unlawfully accessed Incorp's computers by using information she had obtained from Incorp while Brooks was an employee of Incorp.

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

CASE NO. 2:09-cv-01232-JCM-LRL          3          **PLAINTIFFS' OPP. TO BROOKS'S MOTION TO DISMISS**

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

1   Incorp has alleged such a loss.

2       The Ninth Circuit has established that the term "loss" in the CFAA covers a broad

3   range of damages and expenses.  Specifically, the Ninth Circuit has said that the term

4   "loss" includes any reasonable cost to any victim, including the cost of responding to a

5   violation (*e.g.* conducting a damage assessment, restoring data or information to its

6   condition prior to the offense), loss of revenue resulting from the violation, costs incurred

7   from the violation, loss of goodwill resulting from the violation, costs expended to restore

8   the goodwill, the value of the data taken, and any other economic damages.  *Creative*

9   *Computing v. Getloaded.com LLC*, 386 F.3d 930, 934-35 (9th Cir. 2004); *see also*

10  *Therapeutic Research Faculty v. NBTY, Inc.,* 488 F. Supp. 2d 991, 996 (E.D. Cal. 2007);

11  *Keystone Fruit Marketing, Inc. v. Brownfield*, No. 05-5087, 2006 WL 1873800 (E.D.

12  Wash. June 6, 2006); *Shurgard Storage Centers, Inc. v. Safeguard Self Storage, Inc.*,

13  119 F. Supp. 2d 1121, 1126 (W.D. Wash. 2000).  Loss under the CFAA also includes the

14  cost of discovering the identity of the offender and the method by which the offender

15  accessed the protected information, as well as the many hours of valuable time away

16  from day-to-day responsibilities required to reasonably respond to the unauthorized

17  access.  *Contract Associates Office Interiors, Inc. v. Ruiter*, No. 07-0334, 2008 WL

18  3286798, *3 (E.D. Cal. Aug. 6, 2008); *see Kimberlite Corp. v. John Does 1-20*, No. 08-

19  2417, 2008 WL 2264485 (N.D. Cal. June 2, 2008).

20      The complaint alleges that Incorp suffered a loss in excess of $5,000 because,

21  among other things, Incorp spent significant time and resources attempting to repair

22  Incorp's relationships damaged by Brooks's unlawful access.  This is a sufficient

23  allegation of loss as defined by the Ninth Circuit, namely costs incurred to repair the

24  damage and restore the goodwill harmed by Brooks's misconduct.

25      Nonetheless, Brooks argues that Incorp has not pled the requisite $5,000 loss

26  required under the CFAA.  In support of this argument, Brooks argues that the loss

27  suffered must be an impairment to the plaintiff's computer network.  Brooks is wrong.

28  That is not the law in the Ninth Circuit.  In fact, the only support that Brooks offers for her

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

1    argument are unpublished decisions in Georgia, Indiana, and Illinois.[2]  These cases have

2    no precedential authority, particularly where the Ninth Circuit has expressly spoken on

3    this issue.   As the Ninth Circuit has said, the term "loss" in the CFAA includes all

4    economic damages, including loss of goodwill, money expended to identify the offender,

5    and costs expended to repair the harm suffered.  Finally, even if Brooks's argument had

6    any merit—and it does not—Incorp is prepared to amend its complaint to allege that it

7    spent more than $5,000 repairing the security of its computer systems as a result of

8    Brooks's unlawful access.

9        Because Incorp has alleged that it suffered a loss in excess of $5,000 as a result

10   of Brooks's unlawful access, Incorp has stated a claim under the CFAA.

**C.    Incorp has stated a claim against Brooks for contributory liability under 15
        U.S.C. §1125(a).**

12       To state a claim under 15 U.S.C. §1125(a), a plaintiff must allege that the

13   defendant made a false and material statement of fact about the defendant's product or

14   service, that the statement actually deceived or was likely to deceive its audience, and

15   that the plaintiff was injured as a result of the false statement.  *See Southland Sod Farms*

16   *v. Stover Seed Co.*, 108 F.3d 1134, 1139 (9th Cir. 1134).   Incorp has alleged facts

17   supporting these elements and has thus stated a claim under 15 U.S.C. §1125(a).

**1.    Incorp can assert a contributory liability claim against a non-
        competitor under 15 U.S.C. §1125(a).**

20       A defendant may be *contributorily* liable for violating 15 U.S.C. §1125(a).  *See,*

21   *e.g.*, *Societe Des Hotels Meridien v. La Salle Hotel Operating Partnership, L.P.*, 380 F.3d

22   126, 133 (2d Cir. 2004); *Hard Rock Café Licensing Corp. v. Concession Services, Inc.*,

23   955 F.2d 1143, 1148 (7th Cir. 1992); *Procter & Gamble Co. v. Haugen*, 317 F.3d 1121,

24   1125 (10th Cir. 2003); *Bauer Lamp Co. Inc. v. Shaffer*, 941 F.2d 1165, 1168 (11th Cir.

---

[2] Later her motion, Brooks cites to *Nexans Wires S.A. v. Sark USA, Inc.*, 319 F. Supp. 2d
468 (S.D.N.Y. 2004) and L-3 Communs. Westwood Worp. V. Robicharux, No. 06-0279,
2007 LEXIS 16789 (E.D. La. Mar. 8, 2007) in support of the same argument.  Again,
these cases are neither precedential nor persuasive given that the Ninth Circuit has
expressly spoken as to the definition of "loss" under the CFAA.

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

1   1991); *Grant Airmass Corp. v. Gaymar Industries, Inc.*, 645 F. Supp. 1507, 1512

2   (S.D.N.Y. 1986) (rejecting argument that contributory liable does not apply to false

3   advertising claim).

4        A defendant is contributorily liable under section 1125(a) if she assisted,

5   controlled, or monitored a violation of section 1125(a) while knowing of—or being willfully

6   blind to—the violation.  *See Hard Rock Café Licensing Corp.* 955 F.2d at 1149; *Grant*

7   *Airmass*, 645 F. Supp. at 1512.  The complaint alleges that Brooks is contributorily liable

8   for her employer's violation of 15 U.S.C. §1125(a) because Brooks offered material

9   assistance in drafting the false advertisements sent by her employer while knowing that

10   the advertisements were false.

11        Disregarding these allegations of contributory liability, Brooks argues that Incorp

12   lacks standing to maintain a section 1125(a) claim against a non-competitor.  However,

13   the requirement of competitor standing does not apply to contributory liability claims.  *See,*

14   *e.g.*, *Hard Rock Café Licensing Corp.* 955 F.2d at 1149; *Fare Deals Ltd.* 180 F. Supp. 2d

15   at 692.  In fact, none of Brooks's authorities addresses contributory liability claims.

16        Because Incorp alleges that Brooks is contributorily liable for assisting her

17   employer's violation of section 1125(a), and because Brooks's employer is a competitor of

18   Incorp, Incorp has stated a claim against Brooks under 15 U.S.C. §1125(a).

19        **2.  The letters sent by Brooks were commercial advertisements.**

20        In order to state a claim under 15 U.S.C. §1125(a), a plaintiff must also plead that

21   the false statement was made in a commercial advertisement.  Incorp has alleged this.

22   The complaint specifically alleges that while the letters sent by Brooks were ostensibly

23   sent on behalf of a community action group (Victims United Against Abuse), they were in

24   fact sent on behalf of Brooks's employer, NSCN, which is a director competitor of Incorp.

25   Moreover, the complaint alleges that Brooks and NSCN sent the false advertisements to

26   discourage people from using Incorp's services.  Thus, the complaint alleges that Brooks

27   made false statements in commercial advertisements.

28        Nonetheless, Brooks claims that her letters were not commercial advertisements

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

1   because they were sent to Incorp's affiliates and not to Incorp's customers.   This

2   argument fails.   In fact, Brooks's own authority completely contradicts her position.   In

3   *Newcal Industries, Inc. v. Ikon Office Solution*, 513 F.3d 1038, 1054 (9th Cir. 2008), the

4   court found that the plaintiff had adequately alleged a false advertisement even when the

5   advertisements were not sent to customers.   Rather the advertisements in *Newcal* were

6   sent to the defendant's sales representatives and employees.   *Id.*   The court found that

7   the false advertisements were still potentially poisonous if they could reach consumers.

8       The situation is the same here.   Brooks sent her false and defamatory letters to

9   Incorp's affiliates and to the various secretaries of state for public dissemination.   The

10  falsities in the letters then made their way to Incorp's customers, some of whom were

11  also Incorp's affiliates.   As a result, the complaint alleges that longtime customers of

12  Incorp cut off all ties with Incorp and refused to respond to its inquires.

13      Thus, Brooks can offer no other authority to support her claim that the letters were

14  not commercial advertisements covered by section 1125(a).

15  **3.  The letters sent by Brooks attack Incorp's services.**

16      To state a claim under 15 U.S.C. §1125(a), a plaintiff must also allege that the

17  false advertisement was about the plaintiff's or a competitor's product or service.

18  *Southland Sod Farms v. Stover Seed Co.*, 108 F.3d 1134, 1139 (9th Cir. 1134).   Here,

19  Incorp has alleged: a) that Ansell is a former officer and director of Incorp; b) that

20  Brooks's letters falsely claimed that Ansell had been convicted of a pernicious crime, and

21  further falsely claimed that Incorp's services lacked quality, reliability, and safety; c) that

22  the letters falsely claimed that the use of Incorp's services would threaten the health and

23  safety of affiliates and customers; and d) that the letters were sent for the express

24  purpose of discouraging people from using Incorp's services.

25      Despite all of the above, Brooks argues that no statements were made regarding

26  Incorp's services.   This argument is contradicted by the face of the complaint.   Because

27  Incorp has alleged that Brooks sent false advertisements about Incorp's services, Incorp

28  has stated a claim under 15 U.S.C. §1125(a).

CASE NO. 2:09-cv-01232-JCM-LRL          7          **PLAINTIFFS' OPP. TO BROOKS'S
                                                   MOTION TO DISMISS**

**D.     Brooks's statements about Ansell were false, hurtful, and defamatory.**



Finally, Brooks's argument that Ansell is "libel-proof" has no merit.  First, Brooks cites to no authority suggesting this doctrine is recognized under Nevada law.  But even if Brooks's "libel-proof" doctrine were supported, Ansell is prepared to offer substantial evidence that he enjoys a good reputation is the community and is well regarded by friends, family, and colleagues.  To the extent the "libel-proof" doctrine exists, the issue is entirely inappropriate for a motion to dismiss.

Because Brooks's letters falsely accuse Ansell of having committed a pernicious crime, Ansell has stated a claim for defamation under Nevada law.

//

//

//

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

1

## III.    CONCLUSION

2    For all of the reasons set forth above, the Court should deny Brooks's motion to

3    dismiss.

4

5    DATED:  August 28, 2009                **KRONENBERGER BURGOYNE, LLP**

6
                                            By:    s/ Karl S. Kronenberger
7                                                  Karl S. Kronenberger

8                                           Attorneys for Plaintiffs, Doug Ansell and
                                            Incorp Services, Inc.
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on the 28th day of August, 2009, I served the Plaintiff's Opposition to Brooks's Motion to Dismiss through the CM/ECF system of the United States District Court for the District of Nevada (or, if necessary, by depositing the same into the U.S. Mail in Las Vegas, Nevada, postage prepaid) upon the following:

*Counsel for Defendant:*
Thea Marie Sankiewicz
Neresian & Sankiewicz
528 S. Eight Street
Las Vegas, NV 89101

DATED: August 28, 2009

Sumeena Birdi

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com